IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:99 CR 12-8

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAUN AUTALEON POSTON,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Shaun Autaleon Poston's ("Defendant") "Motion Pursuant to Federal Rules of Civil Procedure 60(b)(1)(2) and (6)," (file doc. 418), filed on August 22, 2005, and on Defendant's "Memorandum of Law in Support of his Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e) & Plain Error 52(b),[1]" (file doc. 420), filed on August 29, 2005. The Government has not responded and the time for doing so has expired. Accordingly, this Motion is ripe for disposition.

On September 15, 2000, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine and cocaine base. On March 5, 2001, this Court sentenced Defendant to 360 months imprisonment, and five years of supervised release. Defendant filed his Notice of Appeal on March 23, 2001. In an unpublished decision dated February 1, 2002, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction. On June 3, 2002, the United States Supreme Court denied Defendant's petition for writ of certiorari.

Subsequently, on November 3, 2003, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. 2255, which this Court denied as untimely in an Order dated March 2, 2004.

---

[1] Defendant filed no Motion along with this Memorandum of Law, accordingly, the Court will construe the Memorandum as including the Motion.

Consequently, on March 8, 2004, Defendant appealed this Court's dismissal of his Motion to Vacate to the Fourth Circuit Court of Appeals. On July 21, 2004, the Fourth Circuit dismissed Defendant's appeal.

## **RULE 60(b) MOTION**

As this Court stated in its August 18, 2005 Order, which denied Defendant's request for an extension of time to file this Rule 60(b) Motion, the Court finds that Defendant is improperly attempting to bring this Motion pursuant to the Federal Rules of *Civil* Procedure, which are inapplicable to a criminal matter. Furthermore, the Court has entertained and Defendant has exhausted his post-trial appeals.

Through this Rule 60(b) Motion, Defendant seeks to attack his conviction and sentence. Although Defendant does spend some time defending his original untimely filing of his first Section 2255 Motion, the bulk of the twenty-four page Motion is spent attacking his conviction and sentence–specifically the ineffective assistance of counsel, the allegedly false statements of the witnesses against him, and the allegedly unconstitutional manner in which he claims he was sentenced. The Exhibits to Defendant's Motion include the notes taken by his attorney and private investigator and letters from other inmates which he claims prove that witnesses committed perjury on the stand.

This Rule 60(b) Motion amounts to a successive collateral review application, over which this Court has no jurisdiction. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). As the Fourth Circuit has mandated:

> In light of the tighter restrictions imposed by the AEDPA, including most notably the jurisdictional constraint on review of successive applications filed without authorization, we now hold

> that district courts *must* treat Rule 60(b) motions as successive
> collateral review applications when failing to do so would allow
> the applicant to evade the bar against relitigation of claims
> presented in a prior application or the bar against litigation of
> claims not presented in a prior application.

*Id.* (internal quotations omitted). In explaining how to distinguish a proper Rule 60(b) motion from a successive application improperly labeled as a 60(b) motion, the Fourth Circuit explained:

> There may be no infallible test for making this distinction, but a
> relatively straightforward guide is that a motion directly attacking
> the prisoner's conviction or sentence will usually amount to a
> successive application, while a motion seeking a remedy for some
> defect in the collateral review process will generally be deemed a
> proper motion for reconsideration.

*Id.* at 207. As this Motion is clearly a successive application, the next question is whether this Court possesses jurisdiction over the matter.

A successive motion under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of judges with the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255. In order to be certified, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or (2) a new rule of
> constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Further, only after a three-judge panel at the Fourth Circuit makes the determination that the motion has satisfied the above requirements is a district court authorized to consider a successive application. 28 U.S.C. § 2244(b)(3).

Defendant has not filed a motion with the Fourth Circuit to allow him to file a successive application. Accordingly, this Court has no authority to entertain this Rule 60(b) Motion, and

3

must dismiss it for lack of jurisdiction.

## RULE 52(b) MOTION FOR RECONSIDERATION

This Motion for Reconsideration is essentially an extension of the arguments discussed above in connection with the Rule 60(b) Motion. Defendant filed this Motion in response to this Court's Order of August 18, 2005, denying Defendant an extension of time in which to file his Rule 60(b) Motion. As discussed above, this Court does not have jurisdiction to entertain Defendant's Rule 60(b) Motion, thus, there is no reason to review the decision to deny an extension of time to file the Motion. Further, Defendant filed the Motion in spite of the August 18, 2005 Order. For the reasons stated above, the Motion for Reconsideration is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's "Motion Pursuant to Federal Rules of Civil Procedure 60(b)(1)(2) and (6), and Defendant's "Memorandum of Law in Support of his Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 59(e) & Plain Error 52(b)" are hereby **DENIED**.

Signed: February 3, 2006

Richard L. Voorhees
Chief United States District Judge